REDMANN, Judge
(concurring).
I am unable to agree with the majority’s reasoning disposing of the multi-faceted problem posed by Golemi’s claim to reduction of his liability to half. He theorized that his right to contribution from alleged joint tortfeasor Poplion has been extinguished by plaintiff’s failure to appeal the dismissal of Poplion.
Golemi’s appeal brings the entire judgment up for review insofar as it adversely affected him; C.C.P. art. 2129.[1]
The dismissal of Poplion did adversely affect Golemi since, had they been cast in solido, the right of contribution might exist, C.C. art. 2103.[2]
However, I concur in our result because I conclude that Poplion would not have been liable to Golemi for contribution. It may be that Poplion’s action, in setting the stage for Golemi’s negligence to injure Cole, would have made Poplion liable to Cole. But Poplion, who (the jury apparently found) had told his supervisor Gole-mi of his action and thus breached no duty to Golemi, would be entitled to full indemnity from Golemi, the man who knowingly caused the potentially dangerous unsecured stairway to become actually dangerous by allowing it to be used.
In all other respects I subscribe to the opinion of Judge Lemmon.

. It is only an answer to an appeal, C.C.P. art. 2133, which seems to limit the appellate court’s otherwise plenary power under C.C.P. art. 2164. See also C.C.P. art. 2086, allowing appeal by one who could, have intervened. If failure to intervene does not destroy a non-party’s right, failure to third-party should not destroy a party’s right. Cf. C.C.P. art. 1113.

. This view might tend rather towards an appellate adjudication of Poplion as solid-arily liable (at least so far as Golemi is concerned) than towards reduction of Golemi’s liability to half.